The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Dillard, as well as the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
This is a case of admitted compensability, an Industrial Commission Form 21 having been approved by the Industrial Commission on March 22, 1991. The Form 21 Agreement, which shows a compensation rate of $271.43 per week, is incorporated herein by reference and is made a part of the record. In addition, this case was initially heard before former Deputy Commissioner Gregory M. Willis on January 17, 1992. On August 12, 1992, Deputy Commissioner Willis filed an Opinion and Award, which is part of the record and which is incorporated herein by reference. A Form 26 Agreement approved by the Commission on December 11, 1992, is also a part of the record. The parties stipulated to the admissibility of the medical records, a job description, and a video tape of the job.
* * * * * * * * * * *
The Full Commission rejects the findings of fact made by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 69 years old with a date of birth of October 2, 1924. Plaintiff quit school in the ninth grade, and his work history is primarily one of unskilled labor, having worked in a paper mill and a furniture factory.
2. Plaintiff was injured on May 2, 1990, in an admittedly compensable injury by accident, while he was employed by the defendant. Subsequently, plaintiff came under the care of Dr. George A. Ferre, an orthopaedic surgeon. As a result of the compensable injury by accident, plaintiff had undisplaced fractures of the right leg, which were minor and undetectable within two weeks of plaintiff's injury.
3. Plaintiff then developed reflex sympathetic dystrophy (RSD) which causes him to have complaints of pain and impairment which are dramatically greater than would be expected from a similar injury. All plaintiff's doctors agree that plaintiff suffers from RSD, and defendants have not denied liability for this condition.
4. As a result of the compensable injury by accident and RSD, plaintiff can no longer perform the duties of his former job. He is able to perform sedentary work as long as he is allowed to elevate his foot every five minutes. Plaintiff has further restrictions of no prolonged standing, no walking over three to five minutes, and no climbing.
5. As a result of the compensable injury by accident, plaintiff retains a twenty percent permanent partial impairment to his right lower extremity.
6. On August 2, 1993, defendants offered plaintiff a job as a baler which he refused to accept. Plaintiff had previously tried the same job in 1991 for about 4 hours, but was forced to leave the job due to increased pain. The purpose of this job is to load scrap material into a baler. The employee who does this job closes the baler door and latch, presses a button to start compression of the scrap material, and waits until the baler is full. When the baler is full, the employee inserts steel strapping bands in the back of the baler, which extend completely through the baler, to allow bonding of the material. When the baler is opened, the employee attaches seals to this strapping to seal the material. The employee then pushes a button to eject the finished bale, which is removed by a fork lift truck operator. This process takes approximately 20 minutes. In 1993, six bales were made per day.
7. The baler job is not one which is available in the open and competitive labor market and is not reflective of plaintiff's actual wage earning capacity. No employees are actually assigned to this position on a full-time basis. The baler work is performed as needed by six to eight different employees who are taken from other jobs in the plant and who have time to do the baling. If necessary, volunteers are recruited to work overtime or temporary employees are hired to perform this job.
8. When plaintiff refused to accept this job, defendants sought permission to stop payment of benefits to plaintiff. The Form 24 application was denied by the Industrial Commission, and temporary total disability compensation was paid to plaintiff through the date of the hearing before the Deputy Commissioner.
9. As a result of the compensable injury by accident and the RSD, plaintiff is incapable of earning wages with defendants or in any other employment since October 16, 1992, the date on which temporary total disability compensation was resumed pursuant to the Form 26 agreement and after plaintiff complied with the medical treatment, as ordered in the Opinion and Award of Deputy Commissioner Willis.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the compensable injury by accident on May 2, 1990, and the RSD, plaintiff is temporarily and totally disabled and entitled to receive compensation at the rate of $271.43 per week for the period from October 16, 1992 and continuing thereafter until defendants obtain permission from the Industrial Commission to cease said payment. N.C. Gen. Stat. § 97-29.
2. The make-work job which was created by defendants for plaintiff cannot be considered as evidence of his ability to earn wages since it does not accurately reflect his ability to earn wages in a competitive market. Peoples v. Cone Mills Corp.,316 N.C. 426, 342 S.E.2d 798 (1986).
3. Defendants are entitled to a credit for the temporary total disability compensation already paid to plaintiff for the period shown in Paragraph 1 above.
4. As a result of the compensable injury and subsequent development of RSD, plaintiff is entitled to payment of all medical expenses by defendants for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff temporary total disability compensation beginning October 16, 1992 and continuing thereafter until defendants obtain permission from the Industrial Commission to cease said payment. Defendants are entitled to a credit for the compensation which has already been paid plaintiff during this period. Any amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved below.
2. Defendants shall pay all medical expenses incurred, or to be incurred, as a result of the injury by accident on May 2, 1990.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff in Paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of any lump sum due plaintiff shall be deducted from that sum and paid directly to his counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to his counsel. Consideration and designation of this attorney's fee contemplates that counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendants.
4. Defendants shall pay the costs to the Commission.
 S/ _________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________ DIANNE C. SELLERS COMMISSIONER
LKM:bjp